```
IN THE UNITED STATES BANKRUPTCY COURT FOR THE
       NORTHERN DISTRICT OF MISSISSIPPI
```

IN RE MARK NOBLE PUGH, JR.                     NO. 24-11339-JDW
                                                  CHAPTER 13

OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

COME NOW Deere & Company and John Deere Construction & Forestry Company, by and through their undersigned counsel, and object to confirmation of the Debtor's first amended Chapter 13 Plan and Motions for Valuation and Lien Avoidance [Doc. #19] (the "Plan"). As grounds for objection, Deere & Company and John Deere Construction & Forestry Company show as follows:

(1)     The Debtor is indebted to Deere & Company (referred to in Part 3.2 of the Plan as John Deere Credit) on a secured claim in the amount of $14,280.34 ("Claim 7") as of the date of the commencement of this case, the payment of which is secured by a duly perfected purchase money security interest in a John Deere Model Z930M ZTrak mower (serial number 1TC930MCVNT120010) (the "Mower"), more particularly identified in the contract evidencing the claim, a copy of which is attached to Deere & Company's proof of claim 7 filed in this case. As set forth in the proof of claim, the replacement value of the Mower is $11,200.00.

1

(2)     The Debtor includes in the Plan a claim for which Lonesome Pine Enterprises, Inc. and Cody Dylan Pugh are indebted to John Deere Construction & Forestry Company (referred to in Part 3.3 of the Plan as John Deere Credit) on a secured claim in the amount of $144,918.62 ("Claim 8") as of the date of the commencement of this case, the payment of which is secured by duly perfected purchase money security interests in a John Deere Model 333G compact track loader (serial number 1T0333GMJLF385897) and a Fecon Model 60D mulcher (serial number 00BH062010371) (collectively, the "Equipment"), more particularly identified in the contract evidencing the claim, a copy of which is attached to John Deere Construction & Forestry Company's proof of claim 8 filed in this case.

(3)     The amounts of Claim 7 and Claim 8 do not include post-petition late fees, interest, costs of collection, attorneys' fees and the like, to all of which Deere & Company and John Deere Construction & Forestry Company additionally claim entitlement to the extent permissible under applicable law.

(4)     With respect to Claim 7, the Plan values the Mower at $11,000.00. The actual replacement value of the Mower is $11,200.00

(5)     With respect to Claim 8, the Debtor is not a party to the contract evidencing Claim 8. At the meeting of creditors (and in his schedules, Doc. #7, p. 6, Item 19), the Debtor testified that

he is a 50 percent owner of Lonesome Pine Enterprises, Inc. and that he considers himself personally obligated for Claim 8, hence his including Claim 8 in the Plan.

(6) Claim 8 was incurred within the one-year period preceding the filing of this case and thus, if it is to be included in the Plan, must be paid in full as required by the provisions of the "hanging paragraph" following 11 U.S.C. § 1325(a)(9). Such appears to be the intent of the Plan, although John Deere Construction & Forestry Company is additionally entitled to the amounts described in Paragraph (3) above.

(7) Any confirmation of the Plan should be conditioned upon (a) increasing the secured amount of Claim 7 to the actual replacement value of the Mower; (b) providing for payment of Claim 8 as fully secured, including the amounts described in Paragraph (3) above; (c) personally obligating the Debtor to all of the terms and conditions of the contract evidencing Claim 8, including, but not limited to, those relating to possession, insurance, and maintenance of the Equipment; (d) clarifying that the Equipment is not owned by the Debtor and is not property of the estate; (e) clarifying that the automatic stay does not apply to Lonesome Pine Enterprises, Inc. or to Cody Dylan Pugh; (f) providing for termination of the automatic stay as to the Debtor and the Mower and the Equipment in the event of any default on the Plan; and (g) providing for such other matters

as may be necessary for the adequate protection of Deere & Company and John Deere Construction & Forestry Company.

(8)     Unless and until the issues set forth above are addressed to their satisfaction, Deere & Company and John Deere Construction & Forestry Company object to confirmation of the Plan.

WHEREFORE, Deere & Company and John Deere Construction & Forestry Company object to confirmation of the Debtor's first amended Chapter 13 Plan and Motions for Valuation and Lien Avoidance [Doc. #19]. Deere & Company and John Deere Construction & Forestry Company request such other relief as may be appropriate.

           Respectfully submitted,

           DEERE & COMPANY and JOHN DEERE
           CONSTRUCTION & FORESTRY COMPANY

           By and through their attorney:

           <u>/s/ Les Alvis</u>
           LES ALVIS
           Bar Number 1548

OF COUNSEL:

RILEY, CALDWELL, CORK & ALVIS, P.A.
207 Court Street
Post Office Box 1836
Tupelo, Mississippi 38802-1836
(662) 842-8945

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert Hudson Lomenick, Jr.
robert@northmsbankruptcy.com

Jacob C. Zweig
jzweig@evanspetree.com

Locke D. Barkley
Ecf_lbarkley13@barkley13.com

U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov


DATED:    August 16, 2024

                                /s/ Les Alvis
                                LES ALVIS
                                Bar Number 1548
                                lalvis@rccalaw.com